Rakib AHAMED, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71997.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan E. Hill, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Rakib Ahamed, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a).

Ahamed contends that the BIA's adverse credibility finding is not based on substantial evidence. The BIA concluded that Ahamed was not credible because his

** This disposition is not appropriate for publication and may not be cited to or by the

testimony that he was a general secretary in the Jatiyo Party was inconsistent with his statement in his asylum application that he had no official duties or responsibilities in the party.

Because Ahamed testified that he was targeted by members of the Bangladesh National Party due to his position as general secretary in the Jatiyo Party, this inconsistency goes to the heart of his asylum claim and constitutes substantial evidence in support of the BIA's adverse credibility finding. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam).

By failing to qualify for asylum, Ahamed necessarily fails to satisfy the more stringent standard for withholding of deportation. *Id.*

We are without jurisdiction to review a discretionary denial of voluntary departure and therefore dismiss the petition with regard to that claim. *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir.2000).

**PETITION DENIED IN PART AND DISMISSED IN PART.**